UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ANTOINE D. BAKER, | ) | |
| a/k/a ANTOINE DEMETRIS BAKER, | ) | Civil No. 6:16-CV-155-GFVT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| | ) | **ORDER** |
| RAY ORMOND, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

**** **** **** ****

Petitioner Antione D. Baker, a/k/a Antione Demetris Baker, is an inmate confined by the

Bureau of Prisons at the United States Penitentiary-McCreary in Pine Knot, Kentucky.

Proceeding without counsel, Baker has filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241, through which he challenges four of his thirteen federal criminal convictions

from the United States District Court for the Eastern District of Arkansas at Little Rock.  [*See* R.

1.]

The Court conducts an initial review of habeas petitions, *see* 28 U.S.C. § 2243; *Alexander*

*v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011), and in doing so, the Court

should deny the relief sought "if it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief."  *See* Rule 4 of the Rules Governing § 2254 Cases in

the United States District Courts.[1]  Because Baker is not represented by an attorney, the Court

evaluates his petition under a more lenient standard.  *See*, *e.g.*, *Erickson v. Pardus*, 551 U.S. 89,

94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*,

---

[1] This principle is applicable to § 2241 petitions pursuant to Rule 1(b).

*Jones v. Bock*, 549 U.S. 199 (2007).  At this stage, the Court accepts Baker's factual allegations as true and liberally construes the legal claims in his favor.  Nevertheless, for the reasons that follow, the Court determines that Baker is not entitled to the relief which he seeks, and his § 2241 habeas petition must be DENIED.

**I**

In January 2006, Baker was charged in the Eastern District of Arkansas with committing certain federal offenses.  *See United States v. Antoine Demetris Baker*, No. 4:06-CR-41-BSM-1 (E.D. Ark. 2006).  In that case, a third superseding indictment was returned against Mr. Baker. The third superseding indictment charged Baker with the following offenses: three counts of felon in possession of a firearm; conspiracy to commit a drug offense; possession of cocaine with intent to distribute; using a firearm during a drug offense; conspiracy to kill Jerry Otis, a prospective federal witness; aiding and abetting the killing of prospective witness Jerry Otis; witness tampering; retaliation against a witness; and threatening a witness.  [*See id.*, R. 105, therein.]  Further, the third superseding indictment included a Notice of Special Findings which put Baker on notice that the penalty for conviction under the last four counts would be either a mandatory sentence of life imprisonment or a sentence of death.

On October 13, 2009, Baker's criminal trial began.  Two days later, it concluded when Baker pled guilty to all thirteen counts of the third superseding indictment, immediately after the Attorney General decertified his case as a death penalty case.  [*Id.*, R. 375, therein.]  Baker and the Government entered into a plea agreement which the district court accepted, and on October 19, 2009, the district court sentenced Baker to life imprisonment.[2]  [*Id.*, R. 379, therein.]  Baker did not file a notice of appeal.

---

[2] Baker's sentence consisted of several components.  On Counts 1-5, Baker was sentenced to 10 years imprisonment to run concurrently with the sentences imposed in Counts 7-10.  On Count 6, Baker was

On August 13, 2013, Baker filed a motion to vacate or set aside his sentence under 28 U.S.C. § 2255. [*Id.*, R. 405-406, therein.] In that motion, Baker argued the United States Supreme Court decision *United States v. Alleyne*, 133 S. Ct. 2151 (2013), applied retroactively to him, and that under *Alleyne*, his conviction was unconstitutional.[3] Baker also brought a claim for ineffective assistance of counsel, based on allegations that his attorney allowed him to plead guilty while he was under the influence of psychotropic drugs.

On October 8, 2013, the district court denied Baker's § 2255 motion. [*Id.*, R. 409, therein.] The court concluded that Baker had pled guilty to all of the elements which were necessary to impose a life sentence; that Baker received effective assistance of counsel; that although Baker was taking medication for a mental illness when he pled guilty, the psychiatric evaluations performed on Baker showed that he was competent to stand trial; and that Baker had in fact appeared in court on October 13, 2009, "ready for trial." [*Id.*, pp. 1-2, therein.] Finally, observing that under § 2255(f) a motion to vacate must be filed within one year of either the date on which the judgment of conviction becomes final, or the date on which the facts supporting the claim could have been discovered by the exercise of due diligence, the district court determined that Baker's § 2255 motion was untimely. [*Id.*, p. 2, therein.] The court explained that Baker's criminal judgment was entered on October 15, 2009; that no appeal was filed from that judgment; and that Baker did not file his § 2255 motion until August 13, 2013, which was more than three years after the entry of the criminal judgment on October 19, 2009.

---

sentenced to five years imprisonment to run consecutively with the sentence imposed on Counts 4 and 5. On Counts 7-10, Baker was sentenced to life imprisonment without release to run concurrently with each other. On Counts 11-13, Baker was sentenced to 10 years imprisonment to run concurrently with the life sentences.

[3] In *Alleyne*, the United States Supreme Court held that any fact which imposes or increases an applicable mandatory minimum sentence is an element of a distinct crime and must therefore be submitted to the jury and found beyond a reasonable doubt.

Baker appealed, although the district court denied him a certificate of appealability.  [*Id*., R. 412, therein.]  In March 2014, the Eighth Circuit Court of Appeals entered a one-paragraph order denying Baker's application for a certificate of appealability and dismissing his appeal. [*Id*., R. 419, therein]; *United States v. Antione Demetris Bake*r, No. 13-3427 (8th Cir. Mar. 4, 2014).  Baker also petitioned the United States Supreme Court for relief, but on June 12, 2014, the Supreme Court denied his petition for writ of certiorari.   [*Id*., R. 423, therein.]

Undeterred, Baker filed another petition in the Eighth Circuit seeking permission to file a successive § 2255 motion which would challenge his convictions on Counts 7 through 10 of the third superseding indictment.  *See Antoine Demteris Baker v. United States*, No. 15-3308 (8th Cir. 2015).  Baker alleged that his convictions on those counts were void because the district court lacked subject matter jurisdiction over his criminal proceeding.  [*Id.*]  Specifically, Baker claimed that the four offenses were "state crimes" and that prospective witness Jerry Otis was not a federal witness.  [*Id*.]  In response, the Eighth Circuit summarily denied Baker's petition to file a successive § 2255 motion.  [*Id*.]  The mandate issued on the same day.  [*Id*.]

On July 25, 2016, just over two months after the Eighth Circuit denied Baker's petition to file the successive motion, Baker filed a § 2241 petition in this Court.  [*See* R. 1.]  Baker asserts the very same claims which he recently and unsuccessfully raised in his Eighth Circuit petition. Namely, he alleges that his convictions on Counts 7 through 10 of the third superseding indictment in the Eastern District of Arkansas case are void because that district court lacked subject matter jurisdiction over his proceeding.  Baker again alleges that those four counts charged only violations of "state crimes" and that prospective witness Jerry Otis was not a federal witness.  Construing Mr. Baker's § 2241 petition broadly, the Court also finds that he alleges a Fifth Amendment due process violation related to his federal criminal proceeding.

**II**

**A**

As a general rule, 28 U.S.C. § 2255 provides the appropriate avenue to challenge a federal conviction or sentence. By contrast, a federal prisoner may file a § 2241 petition if he is challenging the *execution* of his sentence—for example, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of a sentence. *See, e.g.*, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). The Sixth Circuit has provided the following explanation of the difference between the two vehicles of relief:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks omitted). In short, 28 U.S.C. § 2255, not § 2241, provides the primary avenue for federal prisoners to seek relief from an unlawful conviction or sentence.

Nonetheless, the "savings clause" of § 2255(e) provides a narrow exception to this rule. Under that clause, a prisoner may challenge the legality of his conviction through a § 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his detention. *See* 28 U.S.C. § 2255(e). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her conviction under pre-existing law, or where that prisoner actually asserted a certain claim in a prior post-conviction motion under § 2255 but was denied relief. *See Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can implicate the savings clause of

5

§ 2255 if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  A petitioner may only pursue a claim of actual innocence under § 2241 when his claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

**B**

In the instant § 2241 petition, Mr. Baker does not challenge the manner in which the Bureau of Prisons is executing his concurrent life sentences.  Instead, he alleges the federal government lacked authority to prosecute him on four of the thirteen counts contained in the third superseding indictment, and that the Arkansas district court lacked subject matter jurisdiction over his criminal proceeding. Thus, Baker challenges the constitutionality of his conviction under § 2241 only via the "savings clause" of § 2255(e).  Unfortunately for Mr. Baker, § 2241 is not the proper mechanism for him to assert these claims.

As stated above, a federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective. *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or where he actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id*.

Baker has not carried that burden in the present proceeding.  In his § 2241 motion, he raises a subject matter jurisdiction claim that he could have and should have asserted in the Eastern District of Arkansas by way of a timely § 2255 motion.  The record from Baker's

criminal proceeding and subsequent collateral challenges reflects that Baker did not file a timely

§ 2255 petition in that court; rather, he waited over three years to file the motion, which was

ultimately denied as untimely.  Moreover, Baker either knew or should have known about the

facts and circumstances supporting his subject matter jurisdiction claim within the one-year

limitations period set forth in 28 U.S.C. § 2255(f).  As the Government explained in response to

Baker's Eighth Circuit petition seeking permission to file a successive § 2255 petition, Baker's

counsel addressed the subject matter jurisdiction issue by filing a motion to quash the indictment

in the sentencing court long before Baker pled guilty to the thirteen offenses in October 2009.

Baker's instant petition contains no new facts or circumstances to warrant relief under §

2241.  Rather, just four months ago, the Eighth Circuit denied Baker permission to file a

successive petition based on the very same argument he now asserts.  As the case law dictates,

Baker cannot use § 2241 to rehash those claims.  *See Charles*, 180 F.3d at 758-60; *Lucas v.*

*Berkebile*, No. 7:11-cv-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section

2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected

in a prior motion under Section 2255.")  Further, Baker cites to no cases which apply

retroactively to his case on collateral review.  *See Bannerman*, 325 F.3d at 724; *Townsend*, 83 F.

App'x at 729 (6th Cir. 2003).  As a result, his § 2241 petition does not survive the Court's initial

screening.

### III

Accordingly, it is hereby **ORDERED** as follows:

1.      The petition for a writ of habeas corpus filed by Petitioner Antione D. Baker,

a/k/a Antione Demetris Baker, pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2.      Judgment shall enter contemporaneously herewith; and

3.      This proceeding is **DISMISSED** and **STRICKEN** from the Court's active

docket.

This the 7th day of November, 2016.

Gregory F. Van Tatenhove
United States District Judge